IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES EUGENE RILEY, JR., | § | |
| TDCJ-CID NO.552499, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION H-12-771 |
| | § | |
| FAUSTO AVILLA,[1] *et al.*, | § | |
| Defendants. | § | |

<u>OPINION ON DISMISSAL</u>

Plaintiff Charles Eugene Riley, Jr., a state inmate proceeding *pro se* and *in forma pauperis*, has filed a civil rights suit pursuant to 42 U.S.C. § 1983 (Docket Entry No.1) and more definite statement of his claims (Docket Entry No.12), alleging that he has been denied adequate medical care medical providers on the Pack I Unit of the Texas Department of Criminal Justice-Correctional Institutions Division.  For the reasons to follow, the Court will dismiss with case with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

<u>BACKGROUND</u>

Plaintiff's pleadings and attachments to such pleadings show that plaintiff has a lifelong history of leg and back weakness, possibly resulting from one or more chronic diseases. (Docket Entry No.12-1, page 40).  Notes from the University of Texas Medical Branch ("UTMB") Galveston Department of Neurology Electromyography dated January 10, 2012, show that plaintiff has recently experienced a rapid progression in disease severity.  (*Id.*). Plaintiff "questions whether his current worsening weakness may result from trauma to the neck in 2010."  (*Id.*).

Plaintiff indicates that after the neck injury on April 12, 201, he was transferred to the Pack I Unit, where he sought treatment for the injury and his other chronic diseases.  (Docket

---

[1] Plaintiff's medical records show that the correct spelling of defendant's name is Avila.  (Docket Entry No.12-1, page 32).  Therefore, the Court will use the correct spelling in this Order.

Entry No.1).  He complains that treatment for his injuries was delayed because defendants, *i.e.,* Dr. Fausto Avila ("Avila"), Physician's Assistant Lisa Vatani ("Vatani"), and Practice Manager Sarah J. Abke ("Abke"), enforced an UTMB policy of denying or delaying needed care to maintain costs, discriminated against him because of his disabilities, and charged him for chronic care.  (Docket Entry No.1, page 8).  He also claims that defendants denied him adequate medical care in retaliation for filing another civil rights suit in the Eastern District of Texas.  (Docket Entry No.12, page 14).

Plaintiff alleges that the following events gave rise to the pending complaint:  On September 1, 2010, during the intake evaluation on the Pack I Unit, he requested medical assistance for the injuries he suffered from an assault on June 1, 2010.  (*Id.*, page 2).  The next day, Vatani saw plaintiff in the clinic.  On October 18, 2010, after he was denied adequate care for severe pain and increased lack of control over his legs and arms, x-rays were ordered.  (*Id.*).  On October 25, 2010, the x-ray study was completed.  (Docket Entry No.12, page 7; No.12-1, page 32).  Vatani discussed the results of the x-rays with plaintiff on November 4, 2010.  (Docket Entry No.12, page 7; No.12-1, page 31).  Vatani explained to plaintiff "'what should be done,'" but plaintiff's treatment plan was put on hold even though specialists at UTMB in Galveston indicated that the time for obtaining positive results was closing.  (Docket Entry No.12, page 11).

Plaintiff was examined by Dr. Avila sometime later in 2010.[2]  Even though the x-rays showed damage to his spine, Avila denied plaintiff adequate pain medication.  (*Id*., pages 2, 7).  Avila did prescribe some pain medication but the extended use of this medication has now caused plaintiff to suffer other severe disorders.  (*Id*., page 7).  In May 2012, an unknown

---

[2] Plaintiff's pleadings do not clearly show when he was seen by Avila.  Plaintiff complains that he was not seen by Avila until November 2, 2010, even though he filed numerous requests in November and early December 2010. (Docket Entry No.12, page 7).

medical provider ordered a spinal tap to assess the extent of damage to plaintiff's neck and back from the assault, but such procedure was denied due to costs. *(Id.,* page 13).

Plaintiff complains that Senior Practice Manager Abke set the policy and practice of denying plaintiff specialty services by denying plaintiff's grievance. *(Id.,* pages 3, 10). In response to plaintiff's grievance regarding specialty services, Abke stated the following: "Offender Riley, you were referred and seen per policy D-30.2. Scheduling for specialty services is beyond the purview of unit level staff unless the condition becomes urgent or emergent. You have been seen. No further action is necessary." (Docket Entry No.12-1, page 34). The response to plaintiff's step 2 grievance reflects that his specialty appointment was cancelled by Hospital Galveston and rescheduled for May 2012. *(Id.,* page 38). Apparently, plaintiff was seen by the specialty clinic on January 10, 2012. *(Id.,* pages 41-51).

<u>DISCUSSION</u>

The Prison Litigation Reform Act requires that the district court review a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). On review, the Court must identify cognizable claims or dismiss the complaint or any portion thereof, if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B). In conducting that analysis, a prisoner's *pro se* pleading is reviewed under a less stringent standard that those drafted by an attorney and is entitled to a liberal construction that includes all reasonable inferences, which can be drawn from it. *Haines v. Kerner*, 404 U.S. 519 (1972).

A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law

if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). A complaint may be dismissed for failure to state a claim if the plaintiff does not allege enough facts to state a claim to relief that is "plausible" on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*.

## Deliberate Indifference

The Eighth Amendment's prohibition against cruel and unusual punishment forbids deliberate indifference to the serious medical needs of prisoners. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The plaintiff must show objectively that he was exposed to a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The plaintiff must also show that prison officials acted or failed to act with deliberate indifference to that risk. *Id*. The deliberate indifference standard is a subjective inquiry; the plaintiff must establish that the prison officials were actually aware of the risk, yet consciously disregarded it. *Id*. at 837, 839; *Lawson v. Dallas County*, 286 F.3d 257, 262 (5th Cir. 2002).

Deliberate indifference to serious medical needs may be manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. *Estelle*, 429 U.S. at 104-05. "[F]acts underlying a claim of 'deliberate indifference' must clearly evince the medical need in question and the alleged official dereliction." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). "The legal conclusion of 'deliberate indifference,' therefore,

must rest on facts clearly evincing 'wanton' actions on the part of the defendants." *Id.* Assertions of inadvertent failure to provide medical care or negligent diagnosis, however, are insufficient to state a claim. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991).

The "failure to alleviate a significant risk that [the official] should have perceived, but did not" is insufficient to show deliberate indifference. *Farmer*, 511 U.S. at 838. Moreover, an incorrect diagnosis does not state an Eighth Amendment claim because the deliberate indifference standard has not been met. *Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (citation omitted). The same is true regarding the decision to treat an inmate in the Unit's medical department rather than to send him to outside medical providers or specialists. *See Alfred v. Texas Department of Criminal Justice*, 80 Fed. App'x 926, 927–28 (5th Cir. 2003). The question of whether "additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment." *Estelle*, 429 U.S. at 107; *see also Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

Moreover, an inmate does not have a constitutional right to the treatment of his choice. *See Dean v. Coughlin*, 804 F.2d 207, 215 (2d Cir. 1986) (citing *Ruiz v. Estelle*, 679 F.2d 1115, 1150 (5th Cir.), *vacated in part as moot*, 688 F.2d 266 (5th Cir. 1982)). Mere disagreement with prison medical providers about what constitutes appropriate care does not rise to the level of a constitutional violation. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *see also Smith v. Allen*, 288 Fed. App'x 938 (5th Cir. 2008) (disagreement about treatment for shoulder injury).

Plaintiff's pleadings and attachments do not show that Dr. Avila, PA Vatani, or Practice Manager Abke were deliberately indifferent to plaintiff's serious medical needs by denying or delaying medical care. Plaintiff was seen by both medical providers and referred to a specialty clinic. Plaintiff's appointments were scheduled by the specialty provider and not unit

personnel.  He was prescribed pain medication but not the medication he desired.  He made numerous requests to be seen by medical personnel and received a response to most.

Moreover, plaintiff has not shown that Abke, as signatory on his grievance, had any role in his medical treatment.  *See Rios v. City of Del Rio, Texas*, 444 F.3d 417, 425 (5th Cir. 2006); *Cooper v. Johnson*, 353 Fed. App'x 965, 968 (5th Cir. 2009 (noting limited role of grievance respondents).  Plaintiff does not a liberty interest in having grievances resolved to his satisfaction.  *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).  Furthermore, plaintiff states no facts to support his claim that medical services were denied or delayed because of any UTMB policy regarding costs.

Plaintiff's complaint that defendants required him to pay a copayment for his chronic health care is also without merit.  Plaintiff has not alleged that he was or would be denied medical services because he did not make the copayment.  The fact the inmates with adequate resources are required pay a small cost for their health care is not unconstitutional.  *See Reynolds v. Wagner*, 128 F.3d 166, 174 (3d Cir. 1997) (noting that "such a requirement simply represents an insistence that the prisoner bear a personal expense that he or she can meet and would be required to meet in the outside world"); *Morris v. Perry*, Civil Action No.A-11-CV-739-SS, 2011 WL 6012524 at *6 & n.1 (W.D. Tex. Dec. 1, 2011) (enumerating cases holding the same).

Accordingly, plaintiff fails to state a claim for deliberate indifference to his serious medical needs.

<u>Conclusory Claims</u>

Plaintiff's claims that Dr. Avila violated his rights under the Americans with Disabilities Act, that PA Vatani discriminated against him because of his disability, and that all defendants denied him medical care in retaliation for filing another law suit are conclusory and

without any factual support in his pleadings and attachments.  In reviewing the complaint, this Court does "not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc*., 407 F.3d 690, 696 (5th Cir. 2005).

To state a claim under the American with Disabilities Act, plaintiff must allege that (1) he is a qualified individual (2) who was excluded from participation in or denied the benefits of services, programs, or activities of a public entity, and (3) that the exclusion, denial, or discrimination was because of his disability.  *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011). Assuming that plaintiff is a qualified individual, he fails to state facts sufficient to show that he has been denied the benefits of the Pack I's medical department because of his disability.  *See Hay v. Thaler*, 470 Fed. App'x 411 (5th Cir. 2012).

To state a claim for retaliation, an inmate must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for exercising that right, (3) a retaliatory or adverse act, and (4) causation.  *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999).  An inmate must allege more than his personal belief that he is the victim of retaliation. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997).  Plaintiff states no facts to show that defendants were even aware of another lawsuit and no facts by which the Court could infer a retaliatory motive.

Accordingly, such claims are subject to dismissal.

<u>CONCLUSION</u>

Based on the foregoing, the Court ORDERS the following:

1.  Plaintiff's complaint is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B).  All claims against all defendants are DENIED.

2.  All pending motions, if any, are DENIED.

The Clerk will provide a copy of this order by facsimile transmission, regular mail, or e-mail to the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159; the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas  75702, Attention: Manager of the Three-strikes List.

SIGNED at Houston, Texas, this 6th day of August, 2013.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE